# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HAAN CORPORATION KOREA and HAAN CORPORATION USA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) No. 16 CV 50311 |
| v. | )<br>) Judge Jorge L. Alonso |
| SPARKLING DRINK SYSTEMS INNOVATION CENTER HONG KONG, SPARKLING DRINK SYSTEMS INNOVATION CENTER LTD, AARON SERGE BUENO (a/k/a "Serge Joseph Bueno"), and TOMAS SCHWAB, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Aaron Serge Bueno's motion to dismiss plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6).  For the following reasons, the Court grants the motion [13] pursuant to Fed. R. Civ. P. 12(b)(5).  Plaintiffs are given an additional 90 days to serve defendants.

### BACKGROUND

Plaintiffs Haan Corporation Korea and Haan Corporation USA (collectively "Haan") are corporations formed by Romi Haan, a businesswoman based in Seoul, South Korea.  Haan brings this action against defendants Sparkling Drink Systems Innovation Center Hong Kong and Sparkling Drink Systems Innovation Center Ltd (collectively "SDS"), Aaron Serge Bueno, and Tomas Schwab.  (Am. Compl., ECF No. 10.)

Haan alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count I) as well as a claim for common law fraud (Count II). Regarding the RICO claim, Haan alleges that SDS is a criminal enterprise, that Bueno and Schwab operate it, and that Bueno and Schwab used SDS to commit various acts of fraud, including mail and/or wire fraud. (*Id*. ¶¶ 36-47.) For the common law fraud claim, Haan alleges that defendants committed fraud when they stated that they operated a successful pod-based beverage system (akin to the well-known Keurig system) and that they had secured large orders from prominent retailers like Walmart, Target, and Bed Bath & Beyond. (*Id*. ¶¶ 25, 48-50.) Haan alleges that defendants knew their pods were, in fact, worthless due to a "clumping" defect. (*Id*.) Haan says these misrepresentations induced them to enter into business with defendants and pay defendants millions of dollars. (*Id*.)

On December 5, 2016, Haan served Bueno with a copy of the complaint and summons outside of a courtroom at the Dirksen United States Courthouse in Chicago, Illinois. Bueno, a citizen of France and Israel, was in Chicago to attend an evidentiary hearing in a separate case, *Flextronics International USA, Inc. v. Sparkling Drink Systems Innovation Center Ltd, et al.*, No. 15 C 4904. (*See* Mem. Supp. Mtn. Dismiss at 3-4; ECF No. 16.) Bueno was a defendant in the *Flextronics* suit, which involved claims of common law fraud, negligent misrepresentation, and breach of contract.

## ANALYSIS

After Bueno was served in this matter, he filed the instant motion to dismiss, which raises various grounds for dismissal. The Court addresses only Bueno's arguments related to service of process because it finds the issue dispositive. Bueno argues that the Court must quash service because he enjoyed process immunity at the time he was served and dismiss the complaint

because the Court does not have personal jurisdiction over him. Bueno cites the long-standing rule that a non-resident is immune from service of process while in a forum for the purpose of attending court proceedings. *Stewart v. Ramsay*, 242 U.S. 128, 129 (1916). Federal courts have long recognized "[t]he true rule . . . that suitors, as well as witnesses, coming from another State or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." *Id*. at 129; *accord Durst v. Tautges, Wilder & McDonald*, 44 F.2d 507, 508-11 (7th Cir. 1930) (recognizing "[a] suitor or witness is exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party," and extending the rule to a nonresident attorney). This rule is intended to "promote the due and efficient administration of justice" by ensuring that a court will not be hampered by wary, non-resident witnesses and parties who refuse to attend the court's proceedings for fear that they will be served in another suit while attending the proceedings. *Durst*, 44 F.2d at 509; *see also Lamb*, 285 U.S. at 225 (explaining reasoning underlying immunity).

Haan says that service is proper and immunity does not apply. It cites *Lamb v. Schmitt*, 285 U.S. 222, 228 (1932), and *Fur Baron, Inc. v. Smith Fine Furs, Ltd.*, No. 92 C 4726, 1993 WL 189948 (N.D. Ill. May 28, 1993), to support its position. In *Lamb*, the Supreme Court limited the availability of process immunity. There, an Illinois attorney was attending court in Mississippi for a suit involving fraudulent conveyances of property. *See Lamb*, 285 U.S. at 224. While in court, the attorney was served with a second suit, which sought to recover fees paid to the attorney in the first suit. *Id*. The attorney argued that service should be quashed based on immunity. *Id*. The Supreme Court rejected the argument, reasoning that the "two suits, pending in the same court, [were] not independent of each other or unrelated." *Id*. at 227. The second

3

suit was brought to secure rights asserted in the first suit, and as such, the "later suit was so much a part and continuation of the earlier one" that allowing the second to proceed could not possibly hinder or delay the first suit. *See id.* at 227-28. Thus, the rationale underlying process immunity did not apply. The Court noted that the immunity "is founded, not upon the convenience of the individuals, but of the court itself." *Id*. at 225. In determining whether to extend immunity, "[t]he test is whether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it." *Id*. at 228.

In applying this test to the present case, the Court finds that extending immunity to Bueno is warranted here. Unlike the circumstances in *Lamb*, this case is not a continuation of or so related to *Flextronics*, the case that brought Bueno to the district, such that granting immunity would likely hinder the resolution of the *Flextronics* matter.[1] Although both cases involve claims of fraud and some of the alleged misrepresentations are similar—both plaintiffs allege that Bueno insisted that the "clumping" problem was not an issue and that Bueno lied about securing orders from large, well-known retailers—the cases are otherwise unconnected. (No. 16 C 50311, ECF No. 10; No. 15 C 4904, ECF No. 19.) The alleged misrepresentations in the respective complaints took place at different times, involve different facts, and involve different agreements. (*Id*.) None of the alleged agreements involve both Haan and Flextronics. The claims in this case do not grow out of the Flextronics contract, or otherwise appear directly related. Unlike the suits in *Lamb*, the actions here are unrelated and extending immunity would

---

[1] The Court recognizes that the *Flextronics* matter has concluded. (*See* No. 15 C 4904, ECF No. 226.) However, the Court has not found any case which decided that immunity should be withheld because the first suit ended after a party raised the immunity issue but before the court ruled on the issue. Further, the rationale of process immunity explained in *Stewart v. Ramsay* and *Lamb v. Schmitt* is, at least in part, forward-looking because its very purpose is to motivate wary parties and witnesses to cooperate in court proceedings. That purpose would be undermined if immunity could be denied solely because the first suit is resolved before the issue of process immunity is formally decided in the second suit.

4

not impede judicial administration. Similarly, the two actions in *Fur Baron*, a claim and counterclaim, involved essentially the same parties. *Fur Baron*, 1993 WL 189948 at *1-2. And the claims in both of those actions concerned the delivery and payment of certain goods and therefore arose out of the same set of facts and circumstances. (*Id*.)

Moreover, this case illustrates the basic rationale underlying process immunity. The process immunity exception allows a district court to shield an individual from service of process so that he or she may travel to a different forum and participate in court proceedings. *See N. Light Tech., Inc. v. N. Lights Club*, 236 F.3d 57, 63 (1st Cir. 2001). Generally, a court can only protect the jurisdictional status of a party or witness who is hesitant to travel to a different forum or state by issuing protective orders or subpoenas, but it can only do so in the cases before it. *Id*. In this aspect, process immunity ensures that judicial administration is not impeded. Here, Bueno is a non-resident who operates foreign companies, and he may not have chosen to come to the forum to attend court proceedings in *Flextronics* if he feared being served in other lawsuits. *See Lamb*, 285 U.S. at 225-27; *cf. Greene v. Weatherington*, 301 F.2d 565, 568 (D.C. Cir. 1962) (denying immunity, in part, because the party was not voluntarily in the forum); *Jessen v. Wein*, 2008 WL 3914122 at *3 (D.V.I. Aug. 19, 2008) (same). Withholding immunity from Bueno in this case could undermine rather than promote the due and efficient administration of justice in this district. *See Durst*, 44 F.2d at 509. For these reasons, the Court finds that Bueno was entitled to process immunity and quashes Haan's service on him.

Even though defendants have actual notice of the instant suit, the Court is not permitted to excuse service altogether. *McMasters v. U.S.*, 260 F.3d 814, 817 (7th Cir. 2001). The Court will allow Haan to effectuate service as Bueno's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is denied. A motion to dismiss under Rule 12(b)(2)

5

challenges whether the court has jurisdiction over a party. "The plaintiff has the burden of establishing personal jurisdiction, and where . . . the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). In analyzing personal jurisdiction, the court takes well-pleaded allegations of the complaint as true unless they are refuted by the defendant in an affidavit. *See id.*

"A federal court exercising diversity jurisdiction has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 n.2 (7th Cir. 2011). Illinois's long-arm statute authorizes personal jurisdiction to the extent permitted by the Illinois Constitution and the United States Constitution. 735 ILCS 5/2–209(c). "[T]here is no operative difference between these two constitutional limits," so a single constitutional inquiry will suffice. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). "The key question is therefore whether the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo*, 601 F.3d at 700–01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists where a defendant has "continuous and systematic general business contacts" with the forum, while specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir.1997) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 414 n.8 (1984)). A defendant is subject to general jurisdiction only where its contacts

with the forum state are so "continuous and systematic" or "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2851 (2011); *see also Tamburo*, 601 F.3d at 701 ("The threshold for personal jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence."). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702.

Bueno fails to develop his argument regarding minimum contacts with this forum. In its amended complaint, Haan alleges that Bueno owns and/or controls both SDS entities and that the SDS entities operated out of offices in Chicago at all material times. (Am. Compl. ¶¶ 4-5; ECF No. 10.) Plaintiffs further allege that "a substantial part of the events giving rise to the claims occurred in this district, including multiple meetings in person between Romi [Haan] and Bueno in Chicago." (*Id.* ¶ 9.) These allegations are taken as true for purposes of a motion to dismiss and are, in any event, not contradicted by Bueno's affidavit. *See Tamburo*, 601 F.3d at 700; *see also Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 912 (N.D. Ill. 2013) (citing Rule 12(b)(2) motion to dismiss standard). Given the allegations of Bueno's connections to the forum, his motion to dismiss based on a lack of personal jurisdiction is denied at this time.

For the foregoing reasons, the Court finds that Bueno's immunity renders Haan's service of process insufficient and quashes service pursuant to Fed. R. Civ. P. 12(b)(5). The Court will extend time for Haan to serve defendants. *See Brock v. City of Belleville*, 2017 WL 4518354 (S.D. Ill. Oct. 10, 2017) (considering motions to quash service and exercising discretion to extend time for service despite plaintiff's failure to properly serve defendants in 90-day period).

7

The Court recognizes that Haan may need to effectuate service under Fed. R. Civ. P. 4(f)(1) pursuant to the methods prescribed by the Hague Convention. Should Haan need additional time beyond the 90 days granted herein to effectuate service of process on defendants, Haan may bring an appropriate motion before the Court.

## CONCLUSION

Based on the above, defendant Bueno's motion [13] is granted in that Haan's service of the amended complaint and summons on defendant Bueno is quashed. Plaintiffs are granted an additional 90 days to serve defendants. If plaintiffs are unable to serve defendants within 90 days and do not bring a motion before the Court, this matter will be dismissed.

**SO ORDERED.**

                                      **ENTERED: December 15, 2017**

                                      _____
                                      **HON. JORGE ALONSO**
                                      **United States District Judge**